IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00431-CV-W-ODS |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Dismiss for Failure to State a Claim. Doc. #5. Union Pacific's motion is granted.

## I. BACKGROUND

In April 2014, Plaintiff Scott Welch filed a complaint with the Department of Labor's ("DOL") Occupational Safety and Health Administration ("OSHA") alleging Union Pacific violated the Federal Railway Safety Act ("FRSA"). In October 2014, the DOL determined there was "no reasonable cause" to believe Union Pacific violated the FRSA. Doc. #6-4, at 1. The DOL informed Welch he had thirty days to file objections and request a hearing before an administrative law judge. *Id.* at 2. The DOL also stated "[i]f no objections are filed, these Findings will become final and not subject to court review." *Id.* Welch did not object to the determination or request a hearing.

In April 2016, Welch filed his Petition in the Circuit Court of Jackson County, Missouri, alleging wrongful termination for reporting violations of laws, statutes, regulations, or rules; refusing to perform an illegal act or an act contrary to the mandate of public policy; providing truthful testimony in a quasi-judicial proceeding about safety violations unfavorable to his employer; and/or otherwise acting in manner public policy would encourage. Doc. #1-1, at 8-9. Union Pacific removed the matter to this Court.

Union Pacific argues Welch's Petition should be dismissed for failure to state a claim because the claims are barred by res judicata and collateral estoppel, Welch has

already elected his remedies under the FRSA by filing a complaint with the DOL and cannot seek state law relief for the same allegations, and Missouri law does not recognize a common-law retaliation action for violation of public policy because the FRSA provides an adequate statutory remedy.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*,

729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

Union Pacific attaches documents to its motion to dismiss, and argues the Court is permitted to examine the documents while considering its motion. Doc. #6, at 7. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There is an exception to this rule. The Court may take judicial notice of matters in the public record without converting the motion into one for summary judgment. *See Levy v. Ohl*, 47 F.3d 988, 991 (8th Cir. 2007) (citations omitted). This Court takes judicial notice of the DOL's finding. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (finding administrative complaints are matters within the public record and can be considered with regard to a motion to dismiss); *Furnari v. Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255-56 (3d Cir. 2000) (stating courts may take judicial notice of an administrative agency decision).

### III. DISCUSSION
#### A. FRSA Election of Remedies Provision

The FRSA was enacted "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. In 1980, the FRSA was expanded to include protections against retaliation for employees who engaged in protected activity, such as reporting safety violations. *Ray v. Union Pac. R.R. Co.*, 971 F. Supp. 2d 869, 877 (S.D. Iowa 2013) (citing Fed. Railroad Safety Authorization Act of 1980, Pub. L. No. 96-423, § 10, 94 Stat. 1811 (1980)). At that time, employees were required to submit FRSA retaliation claims under the mandatory arbitration procedure established under the Railway Labor Act ("RLA"). *Id.* (citation omitted); *see also Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 630 (4th Cir. 2015). At the same time, the FRSA was amended to include an election of remedies provision, which now reads "[a]n employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier." 49 U.S.C. § 20109(f).

3

In 2007, Congress eliminated the requirement that retaliation claims be resolved under the RLA, and instead, established an administrative procedure under which retaliation complaints are resolved by OSHA. 49 U.S.C. § 20109(d); *see Lee*, 802 F.3d at 630. The administrative procedure commences with the filing of a complaint with the DOL. 49 U.S.C. § 20109(d)(1). "[I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States…." 49 U.S.C. § 20109(d)(3). The 2007 amendments also included the following: "Nothing in this section preempts or diminishes any other safeguards against…retaliation…provided by Federal or State law." 49 U.S.C. § 20109(g).

Union Pacific, relying on section 20109(f), argues the election of remedies provision bars this action. It argues Welch may not seek remedies under the FRSA by filing a complaint with and receiving a timely finding by the DOL and then also seek remedies under another provision of the law for the same alleged unlawful act. Neither party cited to a case that is directly on point, nor has he Court has been able to locate precedent on the particular issue before the Court.

The manner courts have treated an employee's resolution of disputes under the RLA (the prior mechanism for resolving FRSA disputes) is helpful to the Court's analysis. Some courts, not the Eighth Circuit, have considered whether arbitration under the RLA is "seeking protection under" the FRSA, and whether such action bars a subsequent FRSA action brought in court under the FRSA's election of remedies provision. Courts have determined arbitrating under the RLA does not equate to seeking protection under the FRSA because the RLA provides a mechanism for arbitrating grievances pursuant to a collective bargaining agreement and does not undertake governmental regulations, such as working conditions. *See Norfolk S. Ry. Co. v. Perez*, 778 F.3d 507, 512 (6th Cir. 2015) (concluding "[a] railroad employee does not 'seek protection' under the RLA within the plain meaning of § 20109(f) by invoking RLA-mandated arbitration when pursuing a grievance under a collective bargaining agreement."); *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 191 (5th Cir. 2014) (finding the election of remedies provision did not bar the plaintiff's suit even though he sought

4

protection under the RLA); *Reed v. Norfolk S. Ry. Co.*, 740 F.3d 420, 423-24 (7th Cir. 2014) (citations omitted) (finding an employee, by submitting a grievance to arbitration, "seeks to vindicate his contractual right under a collective bargaining agreement," not protection under another provision of law); *Ray*, 971 F. Supp. 2d at 880-81 (same); *Bjornson v. Soo Line RR. Co.*, Case No. 14-4596, 2015 WL 5009349, at * 4-13 (D. Minn. Aug. 24, 2015) (noting the Eighth Circuit has not evaluated the RLA under the FRSA election of remedies provision, and finding the provision is not triggered by arbitrating under the RLA).

Mandatory arbitration under the RLA is remarkably dissimilar to the OSHA administrative procedure established by Congress in 2007. Unlike the RLA, which generally governs contractual disputes, the DOL is charged with investigating a complaint that a railroad retaliating against an employee for engaging in protected activity under the FRSA, determining "whether there is reasonable cause to believe that the complaint has merit," and notifying the complainant and party alleged to have violated the law of the DOL's findings. 49 U.S.C. § 20109(d)(2) (stating enforcement actions filed with the DOL are governed by 49 U.S.C. § 42121(b)); 49 U.S.C. § 42121(b)(2). If a person is aggrieved by the DOL's decision, he or she may seek review in the United States court of appeals for the circuit in which the violation occurred. 42 U.S.C. § 20109(d)(4). If the DOL fails to issue its final decision, "the employee may bring an original action at law or equity for a de novo review in the appropriate district court...." *Id.* The RLA does not provide investigative procedures similar to the DOL.

Although not faced with the particular issue, the Seventh Circuit opined as to what would have happened if a plaintiff had sought relief under the OSHA (as Welch did here), rather than seeking relief under the RLA (as that plaintiff did). "[I]f Reed brought a claim under the Occupational Safety and Health Act, which extends to whistleblower protection to employees [who] file a workplace safety complaint or take other protected action, the election-of-remedies provision would bar a successive FRSA claim." *Reed*, 740 F.3d at 425 (noting the RLA does not offer the substantive protection offered by the FRSA). This is the situation before the Court, and the Court agrees with the Seventh Circuit.

5

Here, Welch elected to file a complaint with the DOL. The DOL found Union Pacific did not violate the FRSA. That finding prevents Welch from seeking "protection" for the "same allegedly unlawful act" under "another provision of law." 49 U.S.C. § 20109(f). The DOL had only 210 days to issue its decision, and its decision was issued within that timeframe. 42 U.S.C. § 20109(d)(3); Doc. #6-4. Although he was informed that he could file objections to the DOL's determination or request a hearing, Welch did not do so. *Id.* Additionally, he did not seek review from the Eighth Circuit, as he was permitted to do so. 42 U.S.C. § 20109(d)(4). By failing to object to the determination, request a hearing, or appeal the determination, Welch not only elected his remedy but exhausted that remedy before filing this lawsuit which alleges the same unlawful conduct for which he sought relief in his DOL Complaint. *Compare* Doc. #1-1 *with* Doc. #6-1, at 4 *and* Doc. #6-3.

To support his argument that the election of remedies provision does not apply, Welch relies on a district court case from the Eastern District of California: *Gonero v. Union Pacific Railroad Co.*, Case No. 09-2009-WBS-JFM, 2009 WL 33778987 (E.D. Cal. Oct. 19, 2009). But *Gonero* presents different facts than the case before this Court. After 290 days passed from the time of filing, the DOL had not issued its determination, and Gonero withdrew his DOL complaint. *Id.* at *3, 5. Gonero (like Welch) sought to vindicate his rights under the FRSA through the DOL, but (unlike Welch) the administrative process went nowhere. *Id.* at *5. Gonero, who after more than 210 days did not receive a decision from the DOL, was permitted to bring an original action at law in a district court. 49 U.S.C. § 20109(d)(3). Unlike Gonero, the DOL issued its determination within statutorily required timeframe (210 days) with regard to Welch's complaint. As such, Welch elected his remedies and sought protection through that proceeding. By doing so, the review of DOL's decision is limited pursuant to the FRSA, and Welch is not permitted to seek protection for the "same allegedly unlawful act" under Missouri law. Accordingly, Union Pacific's motion to dismiss is granted.

### B. Res Judicata and Collateral Estoppel

Even if Welch was permitted to seek protection under Missouri law, his Petition must be dismissed because it is precluded by res judicata and collateral estoppel.

"Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).[1] Collateral estoppel bars relitigation of an issue if (1) the issue decided in the prior adjudication was identical the issue presented in this lawsuit; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom estoppel is asserted was a party (or was in privity with a party) in the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852-53 (8th Cir. 2015) (quoting *Derleth v. Derleth*, 432 S.W.3d 771, 774 (Mo. Ct. App. 2014)).[2]

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (quoting *United States v. Utah Constr. & Mining Co.*, 394 U.S. 394, 422 (1966)); *United States v. Karlen*, 645 F.2d 635, 638 (8th Cir. 1981) (citations omitted) (holding the doctrines of res judicata and collateral estoppel apply to appropriate administrative actions); *Bresnahan v. May Dep't Stores Co.*, 726 S.W.2d 327, 329-30 (Mo. banc 1987) (giving collateral estoppel effect to final decisions of state agencies so long as the general criteria for applying collateral estoppel are satisfied). Welch's main argument for opposing application of res judicata or collateral estoppel is that he did not have an adequate opportunity to litigate his claims. Doc. #11, at 14-18.

---

[1] As it pertains to res judicata, there is no meaningful difference between federal and Missouri law. *See Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006) (citations omitted) (recognizing "Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata.").

[2] In a diversity case, the Eighth Circuit applies the state substantive law in deciding whether to apply collateral estoppel. *Ideker*, 788 F.3d at 852.

7

Welch chose to seek relief with the DOL.[3]  He received the DOL's determination that there was "no reasonable cause" to believe Union Pacific violated the FRSA.  Doc. #6-4, at 1.  At that time, Welch was informed he had thirty days to file objections and request a hearing before an administrative law judge.  *Id.* at 2.  He was also advised that "[i]f no objections are filed, these Findings will become final and not subject to court review."  *Id.*  Notwithstanding these directives, Welch chose to abandon his administrative complaint.  While there is no precedent on the very issue before this Court, there are two cases that are highly persuasive.

First, the United States District Court for the Western District of Washington analyzed the applicability of res judicata and collateral estoppel with regard to a complaint that had been filed with OSHA by an employee pursuant to 49 U.S.C. § 42121(b), which is the same statute that governs the administrative procedure under the FRSA.  *Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1219 (W.D. Wash. 2003); 49 U.S.C. § 20109(d)(2) (stating enforcement actions filed with the DOL are governed by 49 U.S.C. § 42121(b)).  The district court found Fadaie's allegations in the lawsuit and OSHA complaint were identical or could have been raised in the earlier complaint.  *Fadaie*, 293 F. Supp. 2d at 1218.  But Fadaie (as Welch does here) argued he was not afforded a full and fair opportunity to represent his claims to the agency.  *Id.* at 1219.

The district court found "the procedures governing Mr. Fadaie's whistleblower complaint afford ample opportunity to fully present his claims, including avenues of appeal that provided direct and apparently unique access to the federal appellate courts."  *Id.*  Fadaie, like Welch, was informed he had the option of seeking a formal hearing on the merits by an ALJ.  *Id.*  The district court noted "proceedings before the ALJ are adversarial in nature and involve taking evidence, hearing testimony, and considering the arguments of the parties.  The Secretary of Labor then makes his or her final decision based on the ALJ's recommendation and can choose from a full range of remedies when providing relief to the complainant."  *Id.*  Thereafter, any aggrieved party

---

[3] The FRSA states an "employee…<u>may</u> seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor."  49 U.S.C. § 20109(d)(1) (emphasis added).

can appeal the Secretary's decision to the applicable federal court of appeals. *Id.* (citing 49 U.S.C. § 42121(b)(4)(A)).

Fadaie, similar to Welch, received the determination letter, and although informed of his options, chose not to follow through with the procedures set forth in the letter. *Id.* at 1219-20. The district court noted that Fadaie had an "opportunity to fully and fairly litigate" his claims; thus, he "cannot now argue that the procedures utilized by the agency were insufficient when it was Mr. Fadaie's choice to forego the admittedly sufficient procedures to which he was entitled." *Id.* at 1220. Accordingly, his claims were barred by res judicata. *Id.*

The Supreme Court of California addressed a similar issue. In *Murray v. Alaska Airlines*, the plaintiff, similar to Welch, received the Secretary of Labor's preliminary finding and did not file objections or request a hearing, but he later filed a lawsuit alleging the same claims. 50 Cal. 4th 860, 868-79 (Cal. 2010). The Court found the plaintiff was precluded from bringing an action in court for the same allegations. *Id.* at 868. The Court noted the plaintiff "failed to exercise his absolute statutory right to a formal de novo hearing of record before an administrative law judge (ALJ), and consequently, failed to exercise his statutory right to appeal any adverse findings and decision of the ALJ to the Ninth Circuit." *Id.* The Court further found the plaintiff's "omissions occurred in the face of clear statutory notice to [the plaintiff] that his forfeiture of such rights would result in the Secretary's preliminary factual findings and decision becoming a final nonappealable order…." *Id.* That is, the plaintiff had the right to a full de novo trial-like hearing, but he failed to invoke that right. *Id.*

Similar to Fadaie and Murray, Welch elected to file a complaint with the DOL. Once the DOL issued its timely determination, Welch was informed that the DOL's decision would become final and not subject to court review unless he submitted objections or requested a hearing before an ALJ. Doc. #6-4. Contrary to his argument against application of res judicata and collateral estoppel, Welch had an adequate opportunity to litigate his claims. He simply chose to forego that opportunity by abandoning his claim. In consideration of the facts before the Court and in light of the

9

Case 4:16-cv-00431-ODS   Document 14   Filed 08/04/16   Page 9 of 10

applicable legal standards for res judicata and collateral estoppel, the Court finds that Welch's claims are also barred by these doctrines.[4]

## IV. CONCLUSION

For the foregoing reasons, Union Pacific's motion to dismiss is granted. Union Pacific's request for oral argument is denied as moot.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 4, 2016            UNITED STATES DISTRICT COURT

---

[4] Because the Court is granting dismissal on the basis of the FRSA election of remedies provision as well as the application of res judicata and collateral estoppel, it is unnecessary for the Court to address Union Pacific's argument that the "adequate alternative remedy" doctrine applies.